**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| JOHN CONTI, on behalf of himself and all others similarly situated,<br><br>                   Plaintiff,<br><br>v.<br><br>CITIZENS BANK, N.A. and DOES 1 through 10, inclusive,<br><br>                   Defendants. | Civil Action No.<br><br>**<u>CLASS ACTION COMPLAINT</u>**<br><br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff John Conti ("Plaintiff"), individually and on behalf of all other similarly situated persons (the "Class" defined below), brings this action, based upon personal knowledge as to himself and on information and belief as to all other matters, against Citizens Bank, N.A., and DOES 1 through 10, inclusive (collectively, "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1.     This is a class action based on Defendant's violation of Rhode Island General Law § 19-9-2(a) ("R.I. Gen. Laws § 19-9-2(a)"), which requires a mortgage lender making a loan secured by an owner-occupied residential property of one-to-four living units located in Rhode Island to pay the borrower interest for money received in advance from the borrower for tax and insurance that is held by the lender in an "escrow" account until payment is due.  As alleged herein, Plaintiff has paid tens of thousands of dollars into an escrow account but has received no interest on those payments.

2.     Plaintiff and the Class (defined below) bring this action for damages, restitution and reimbursement, as well as injunctive and declaratory relief, pursuant to claims for breach of contract and unjust enrichment.

## JURISDICTION AND VENUE

3.     Venue in this District is proper pursuant to 18 U.S.C. § 1391(b)-(c) because the Defendant is headquartered in this District, conducts business in this District and is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.  Defendant's contacts with this District are also sufficient to subject it to personal jurisdiction.

4.     The aggregate amount in controversy exceeds $5 million (exclusive of interest and costs), and at least one class member (as well as Plaintiff himself) is a citizen of a different

1

state than that of Defendant; hence there is at least minimal diversity between the parties.  In

addition, there are well over 100 plaintiffs in the expected Class.  Therefore, jurisdiction is

present under 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act of 2005 (CAFA).

## PARTIES

5.      Plaintiff is, and at all times relevant hereto was, a resident and citizen of Cranston,

Rhode Island.

6.      Defendant Citizens Bank, N.A. is a wholly-owned subsidiary of Citizens

Financial Group, Inc.  Defendant offers a wide range of loan products, including fixed- and

adjustable-rate mortgages.  Defendant is a national banking association that is registered with the

United States Office of the Comptroller of the Currency (the "OCC") and is a citizen of Rhode

Island, having its principal place of business and main office located in Providence, Rhode

Island.  Through its numerous branches throughout Rhode Island and the United States,

Defendant enters into mortgage agreements with customers for the financing of their homes.

7.      The true names and capacities of the defendants sued herein as DOES 1 through

10, inclusive, are currently unknown to Plaintiff, who therefore sues such defendants by such

fictitious names.  Each of the defendants designated herein as DOE is legally responsible in some

manner for the unlawful acts referred to herein.  Plaintiff will seek leave of Court to amend the

Complaint to reflect the true name and capacities of the defendants designated herein as DOEs

when such identities become known.

## SUBSTANTIVE ALLEGATIONS

8.      Defendant, like many mortgage lenders, maintains escrow accounts for its

customers, which it sometimes requires as a condition of the loans it extends to customers.  With

such accounts, Defendant collects from the borrowing party the projected amount that the

borrower will owe for tax and insurance on the mortgaged property, as well as additional

"cushion" amounts to the extent allowed under the Real Estate Settlement and Procedures Act

("RESPA"). When due, Defendant directly pays the taxes and insurance on the borrower's

mortgaged property from the escrow account. Meanwhile, Defendant controls the escrow

account and has full use of all money deposited into it.

9.      Because the funds paid into an escrow account remain *the borrower's money*,

Rhode Island law requires all "mortgage investing institutions" to pay interest on such funds,

pursuant to R.I. Gen. Laws § 19-9-2(a), which states as follows:

> Every mortgagee holding funds of a mortgagor in escrow for the payment of taxes and
> insurance premiums with respect to mortgaged property located in this state shall pay or
> credit interest on those funds at a rate equal to the rate paid to the mortgagee on its
> regular savings account, if offered, and otherwise at a rate not less than the prevailing
> market rate of interest for regular savings accounts offered by local financial institutions
> as determined by the director, said determination to be made within thirty (30) days of the
> effective date of this provision and thereafter annually on the first business day of the
> year. Said credit of interest shall accrue on the daily balance and be made annually on
> December 31. If the mortgage debt is paid prior to December 31 in any year, the interest
> to the date of payment shall be paid to the mortgagor. The provision of this section shall
> apply only with respect to mortgages on owner-occupied residential property consisting
> of not more than four (4) living units. The provisions of this section shall not be waived.
> No mortgagee holding the mortgagor's funds in escrow for the payment of taxes shall
> also charge an annual "tax service fee" or other annual fee for ascertaining whether or not
> the real estate taxes have in fact been paid. Any mortgagee violating the provisions of
> this section shall be fined not more than one hundred dollars ($100) for each offense.

10.     Numerous other states in which Defendant is registered to do business have

similar laws requiring that interest be paid on escrow accounts, including those included in the

definition of the "Multi-State Class" below (the "State Escrow Laws").

11.     New York law requires all "mortgage investing institutions" to pay at least 2%

interest on such funds,[1] pursuant to NY Gen. Oblig. Law § 5-601, which states as follows:

---

[1] On January 19, 2018, the Superintendent of the Department of Financial Services issued an
Order under Section 12-a of the New York State Banking Law with respect to the interest
required to be paid on escrow accounts established in connection with loans secured by one-to-
six family owner-occupied residences or any property owned by a cooperative apartment

3

§ 5-601. Interest on deposits in escrow with mortgage investing institutions:

Any mortgage investing institution which maintains an escrow account pursuant to any agreement executed in connection with a mortgage on any one to six family residence occupied by the owner or on any property owned by a cooperative apartment corporation, as defined in subdivision twelve of section three hundred sixty of the tax law, (as such subdivision was in effect on December thirtieth, nineteen hundred sixty), and located in this state shall, for each quarterly period in which such escrow account is established, credit the same with dividends or interest at a rate of not less than two per centum per year based on the average of the sums so paid for the average length of time on deposit or a rate prescribed by the superintendent of financial services pursuant to section fourteen-b of the banking law and pursuant to the terms and conditions set forth in that section whichever is higher.

12.      § 14-b(5) of the New York State Banking Law defines a "mortgage investing institution" as "any bank, trust company, national bank, savings bank, savings and loan association, federal savings and loan association, private banker, credit union, investment company, insurance company, pension fund, mortgage company or other entity which makes, extends or holds a mortgage on any one to six family residence occupied by the owner or any property owned by a cooperative apartment corporation . . . and located in this state."

13.      § 14-b(6) of the New York State Banking Law defines an "escrow account" as "any account established pursuant to an agreement between a mortgagor and a mortgage investing institution whereby the mortgagor pays to the mortgage investing institution or his designee amounts to be used for the payment of insurance premiums, water, rents or any similar charges, and shall also include real property tax escrow accounts . . . ."

14.      Connecticut, Massachusetts, New Hampshire and Vermont have similar statutes requiring financial institutions to pay borrowers interest on their escrow accounts.  *See* Conn. Gen. Stat. § 49-2a (Connecticut); Mass. Gen. L. Ch. 183, § 61 (Massachusetts); N.H. Rev. Stat.

---

cooperation.  Under the new rule, the rate must be at least equal to the lesser of 2.00% or the 6-month yield on U.S. Treasury securities on the last business day of the preceding calendar quarter.

Ann. § 397-A:9(IV) (New Hampshire); and Vt. Stat. Ann. tit. 8, § 10404 (Vermont).

15.    Congress has mandated that "[i]f prescribed by applicable State or Federal law, each creditor shall pay interest to the consumer on the amount held in any impound, trust, or escrow account that is subject to this section in the manner as prescribed by that applicable State or Federal law."  15 U.S.C. § 1639d(g)(3).

16.    In or about July 2011, Plaintiff purchased a single-family residence in Cranston, Rhode Island.  In connection with that purchase, Plaintiff entered into a loan agreement with Defendant, secured by a mortgage on the residence (the "Mortgage Agreement").  Since the time that Plaintiff entered into the Mortgage Agreement, Plaintiff has been required to make monthly payments to Defendant for the pre-payment of property taxes and insurance on the property, in addition to the regular monthly payments of principal and interest on the loan.

17.    During all times in which Plaintiff has paid funds into the escrow account held by Defendant, Defendant has not paid Plaintiff the appropriate rate of interest mandated by R.I. Gen. Laws § 19-9-2(a), or any interest whatsoever.  Defendant has thereby violated Rhode Island law, while enriching itself through the free use of the funds paid into the escrow account by Plaintiff.

## CLASS ACTION ALLEGATIONS

18.    Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and the following class (hereinafter, the "Multi-State Class"):

> All customers of Defendant (or its subsidiaries) in the states of Connecticut, Massachusetts, New Hampshire, New York, Rhode Island and Vermont who (i) entered into a loan with Defendant that was secured by a mortgage loan subject to the respective State Escrow Laws of the customer; (ii) paid monies into an escrow account, held by Defendant, to cover the projected amount owed in taxes, insurance and other matters relating to the property securing the loan; and (iii) received from Defendant less than the amount of interest owed under the law of the state in which the property was located.

In the alternative, Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23, on

behalf of himself and the following class (the "Rhode Island Class"):

> All customers of Defendant (or its subsidiaries) who (i) entered into a loan with Defendant that was secured by an owner-occupied residential property consisting of not more than four living units located in Rhode Island; (ii) paid monies into an escrow account, held by Defendant, to cover the projected amount owed in taxes, insurance and other matters relating to the property securing the loan; and (iii) received from Defendant less than the amount of interest required under R.I. Gen. Laws § 19-9-2(a).

Excluded from the Multi-State Class and the Rhode Island Class are Defendant's officers and

directors and the immediate families of Defendant's officers and directors.  Also excluded are

Defendant and its subsidiaries, parents, affiliates, joint venturers, and any entity in which

Defendant has or had a controlling interest.

19.     For purposes of the complaint, the term "Class" refers collectively to the Multi-

State Class and the Rhode Island Class and the phrase "Class Members" refers to all members of

the Multi-State Class and/or Rhode Island Class.

20.     Plaintiff reserves the right under Rule 23 to amend or modify the Class

descriptions with greater specificity or further division into subclasses or limitation to particular

issues, based on the results of discovery.

21.     This action has been brought and may properly be maintained as a class action

against Defendant pursuant to the provisions of Fed. R. Civ. P. 23 because there is a well-defined

community of interest in the litigation and the Class can be determined with reference to

objective criterion.

22.     **Numerosity of the Class.  Rule 23(a)(1).**  The members of the Class are so

numerous that their individual joinder is impracticable.  On information and belief the number of

Class Members' mortgages held by Defendant is in the thousands or more.  Inasmuch as the

Class Members may be identified through business records regularly maintained by Defendant and its employees and agents, and through the media, the number and identities of Class Members can be ascertained.  Members of the Class can be notified of the pending action by e-mail, mail, and supplemented by published notice, if necessary.

23.    **Existence and Predominance of Common Question of Law and Fact.  Rule 23(a)(2).**  There are questions of law and fact common to the class.  These questions predominate over any questions affecting only individual Class Members.  These common legal and factual issues include, but are not limited to:

  a.    Whether Defendant has systematically engaged in conduct that violates state and federal law with respect to the payment to its customers of the interest accrued on escrow accounts;

  b.    Whether Defendant's conduct breached the mortgage agreements with its customers;

  c.    Whether Defendant has been unjustly enriched by its illegal conduct;

  d.    Whether Defendant must provide damages, restitution and/or reimbursement to borrowers in the amount of unpaid interest on funds held in escrow impound accounts based on the causes of action asserted herein; and

  e.    Whether injunctive and/or declaratory relief is appropriate to prohibit Defendant from engaging in this conduct in the future.

24.    **Typicality.  Rule 23(a)(3).**  The claims of the representative Plaintiff are typical of the claims of each member of the Class.  Plaintiff, like all other members of the Class, has sustained damages arising from Defendant's violations of the laws, as alleged herein.  The representative Plaintiff and the members of the Class were and are similarly or identically harmed by the same unlawful, systematic, and pervasive pattern of misconduct engaged in by Defendant.

25.    **Adequacy.  Rule 23(a)(4).**  The representative Plaintiff will fairly and adequately

represent and protect the interests of the Class Members and has retained counsel who are experienced and competent trial lawyers in complex litigation and class action litigation. There are no material conflicts between the claims of the representative Plaintiff and the members of the Class that would make class certification inappropriate. Counsel for the Class will vigorously assert the claims of all Class Members.

26.     **Injunctive and Declaratory Relief. Rule 23(b)(2).** Defendant's actions regarding its customers' escrow impound accounts are uniform as to members of the Class. Defendant has acted or refused to act on grounds that apply generally to the Class so that final injunctive relief as requested herein is appropriate with respect to the Class as a whole.

27.     **Predominance and Superiority of Class Action. Rule 23(b)(3).** This suit may be maintained as a class action because questions of law and fact common to the Class predominate over the questions affecting only individual members of the Class and a class action is superior to other available means for the fair and efficient adjudication of this dispute. The damages suffered by individual class members are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Defendant's conduct. Further, it would be virtually impossible for the members of the Class to individually redress effectively the wrongs done to them. In addition, individualized litigation increases the delay and expense to all parties and to the court system resulting from complex legal and factual issues of the case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. By contrast, the class action device presents far fewer management difficulties; allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits; and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

28.     The representative Plaintiff contemplates the eventual issuance of notice to the proposed Class Members setting forth the subject and nature of the instant action.  Upon information and belief, Defendant's own business records and electronic media can be utilized for the contemplated notices.  To the extent that any further notices may be required, the representative Plaintiff would contemplate the use of additional media and/or mailings.

29.     In addition to meeting the prerequisites of a class action, this action is properly maintained as a class action pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, in that:

    a.    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the Class will create the risk of:

        i.    Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the parties opposing the Class; or

        ii.    Adjudication with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

    b.    The parties opposing the Class have acted or refused to act on grounds generally applicable to each member of the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class as a whole; or

    c.    Common questions of law and fact exist as to the members of the Class and predominate over any questions affecting only individual members, and a class action is superior to other available methods of the fair and efficient adjudication of the controversy, including consideration of:

        i.    The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

        ii.    The extent and nature of any litigation concerning controversy already commenced by or against members of the Class;

        iii.    The desirability or undesirability of concentrating the litigation of

the claims in the particular forum; and

iv.     The difficulties likely to be encountered in the management of a class action.

**FIRST CAUSE OF ACTION**
**Breach of Contract**
**(On Behalf of Plaintiff and the Multi-State Class**
**And, in the Alternative, on behalf of the Rhode Island Class)**

30.     Plaintiff incorporates by reference and re-alleges all paragraphs set forth in paragraphs 1 through 29, above.

31.     Plaintiff and Defendant entered into the Mortgage Agreement, wherein Plaintiff was required to deposit funds into an escrow account and Defendant was expressly required to comply with all applicable state and federal laws in connection with the Mortgage Agreement. The relevant terms of the Mortgage Agreement, drafted by Defendant, are as follows:

**3. Funds for Escrow Items.**

The [Escrow] Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. . . .  Unless an agreement is made in writing or Applicable Law requires interest to be paid on the [Escrow] Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds.

*       *       *

**16.  Governing Law; Severability; Rules of Construction.**  This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located.  All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law.

32.     In reliance on Defendant's express agreement to comply with all applicable federal and state laws, Plaintiff continuously made payments into his escrow account, as he was required to do by the Mortgage Agreement.

33.     Plaintiff never received from Defendant -- through direct payment, credit to future payments or otherwise -- any interest accrued on the funds maintained in the escrow account on

his behalf, in direct violation R.I. Gen. Laws § 19-9-2(a). Class Members in the states identified in the definition of the Class above also did not receive interest on their escrow accounts, in violation of uniform agreements Defendant had with members of the Class.

34.    Because Defendant did not pay interest to Plaintiff on funds paid into his escrow account, Defendant violated applicable state law and therefore was and is in breach of the Mortgage Agreement. In the same way, Defendant violated its mortgage agreements with other Class Members residing in the states identified in the definition of the Class.

35.    To the extent that Plaintiff was required to provide Defendant any notice of its breach of contract, such notice was provided by Plaintiff's June 25, 2021 letter to Defendant notifying Defendant of, *inter alia*, Defendant's breach of contract through its failure to pay interest on Plaintiff's mortgage escrow account.

36.    Plaintiff and the Class Members were damaged by Defendant's breach of contract.

## SECOND CAUSE OF ACTION
### Unjust Enrichment
### (In the Alternative to Breach of Contract
### on Behalf of Plaintiff and the Multi-State Class,
### and, in the Alternative, on behalf of the Rhode Island Class)

37.    Plaintiff incorporates by reference and re-alleges paragraphs 1 through 29, above.

38.    Plaintiff and the other members of the Class conferred a benefit on Defendant by paying money into escrow accounts, making that money fully useable by Defendant before payments from the escrow accounts on the mortgaged property were due.

39.    As a result of Defendant's failure to comply with the laws of states that require payment of interest on escrow accounts, as identified in the definition of the Class, Defendant was enriched at the expense of Plaintiff and the Class.

40.    Under the circumstances, it would be against equity and good conscience to permit Defendant to retain the ill-gotten benefits that it received from Plaintiff and members of the Class.

41.    Because Defendant's retention of the benefits conferred on it by Plaintiff and other members of the Class would be unjust and inequitable, Plaintiff seeks restitution from Defendant and an order from the Court requiring Defendant to disgorge all profits, benefits, and other compensation obtained due to its wrongful conduct.

## PRAYER FOR RELIEF

Wherefore, Plaintiff asks the Court to enter a judgment:

A.    Certifying the Class, certifying Plaintiff as the representative of the Class, and designating Plaintiff's counsel as Class Counsel;

B.    Declaring that Defendant has committed the violations alleged herein;

C.    Granting damages, restitution, and/or disgorgement to Plaintiff and the Class;

D.    Granting declaratory and injunctive relief to enjoin Defendant from engaging in the unlawful practices described in this Complaint;

E.    Granting pre- and post-judgment interest;

F.    Granting attorneys' fees and costs; and

G.    Granting further relief as this Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury herein.

DATED:  July 15, 2021                    Respectfully submitted,

*/s/ Patrick Dowling, Jr., Esq.*
Patrick Dowling, Jr., Esq. (RI Bar No. 6863)
**D'AMICO BURCHFIELD, LLP**
536 Atwells Avenue
Providence, RI  02909
Phone: (401) 454-1212, Ext. 112
Fax: (401) 490-4812
Email: PFD@DBLawRI.com

David J. George, Esq. (*pro hac vice* forthcoming)
Brittany L. Brown, Esq. (*pro hac vice* forthcoming)
**GEORGE GESTEN MCDONALD, PLLC**
9897 Lake Worth Road, Suite #302
Lake Worth, FL 33467
Phone: (561) 232-6002
Fax: (888) 421-4173
Email: DGeorge@4-Justice.com
E-Service: eService@4-Justice.com

Lori G. Feldman, Esq. (*pro hac vice* forthcoming)
**GEORGE GESTEN MCDONALD, PLLC**
102 Half Moon Bay Drive
Croton-on-Hudson, New York 10520
Phone: (917) 983-9321
Fax: (888) 421-4173
Email: LFeldman@4-justice.com
E-Service: eService@4-Justice.com

Michael Liskow, Esq. (*pro hac vice* forthcoming)
Janine L. Pollack, Esq. (*pro hac vice* forthcoming)
**CALCATERRA POLLACK LLP**
1140 Avenue of the Americas, 9th Floor
New York, New York 10036
Phone: (917) 899-1765
Fax:  (332) 206-2073
Email:  mliskow@calcaterrapollack.com
Email:  jpollack@calcaterrapollack.com

*Attorneys for Plaintiff*

13